IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

GREGORY EDWARDS a/k/a
Gregory Edwards-EL,

       Plaintiff,                Civil Action No.
                                        5:16-CV-1475 (FJS/DEP)

   v.

SYRACUSE POLICE
DEPARTMENT, *et al.*,

       Defendants.

---

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

GREGORY EDWARDS, *Pro se*
15-B-2450
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

FOR DEFENDANTS:

[NONE]


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

# REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Gregory Edwards, who is currently a New York State prison inmate, has commenced this action against the Syracuse Police Department ("Syracuse PD") and three individual police officers employed by the Syracuse PD, pursuant to 42 U.S.C. § 1983, claiming that defendants violated his civil rights. In his complaint, plaintiff alleges that the three individual defendants assaulted him during the course of a stop and subsequent arrest on December 22, 2013, and that defendant Syracuse PD has promulgated policies that permitted the unlawful assault to occur.

Plaintiff's complaint and accompanying application for leave to proceed in the action *in forma pauperis* ("IFP") have been forwarded to me for review. For the reasons set forth below, plaintiff's IFP application is granted, but I recommend that (1) defendant Syracuse PD be dismissed, (2) the City of Syracuse be substituted as a defendant for the Syracuse PD, and (3) plaintiff's complaint be otherwise accepted for filing.

I.  BACKGROUND

Plaintiff commenced this action on or about December 12, 2016. Dkt. No. 1. In his complaint, plaintiff alleges that on December 22, 2013, he was a passenger in a vehicle that was stopped by law enforcement

officers. *Id.* at 4. Plaintiff alleges that following the stop he climbed out of the vehicle through a window, fearing that it was on fire, and that defendants Abraham Mamoun, Robert Harrington, and Andrew Quinn, all of whom are identified as Syracuse PD officers, thereafter attempted to strike him with a police cruiser. *Id.* at 4-5. Plaintiff claims that after he landed on the ground, defendants Mamoun, Harrington, and Quinn jumped on him, and then punched and kicked his head. *Id.* at 5. Plaintiff was subsequently arrested, charged with, *inter alia*, resisting arrest, and transported to the Onondaga County Justice Center ("OCJC").[1]

Plaintiff claims that, through their use of force during the arrest, defendants violated his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Dkt. No. 1 at 7. He further contends that defendant Syracuse PD should be held liable because the individual officer-defendants acted pursuant to departmental policies and in accordance with their training by defendant Syracuse PD. *Id.*

---

[1] In his complaint, plaintiff makes passing reference to the denial of medical attention while housed at the OCJC. Dkt. No. 1 at 6. The complaint, however, includes neither a cause of action for deliberate medical indifference nor any allegations that any of the three individual defendants were responsible for that denial. *See generally id.* Accordingly, plaintiff's complaint is not construed by the court to assert a deliberate medical indifference claim. In addition, the court notes that plaintiff alleges that he was denied medical attention while plaintiff was confined in the OCJC, which is operated by the Onondaga County Sheriff, who is not a named defendant, and his complaint contains no allegations implicating the three individual defendants in the denial.

II. DISCUSSION

A. Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a).[2] A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). Because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[3]

B. Analysis of Plaintiff's Complaint

1. Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall

---

[2] The total cost for filing a civil action in this court is $400.00, consisting of the civil filing fee of $350.00, 28 U.S.C. § 1914(a), and an administrative fee of $50.00. Although an inmate granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. 28 U.S.C. § 1915(b)(3).

[3] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("We have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however,

also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## 2. Analysis of Plaintiff's Claims

### a. Defendant Syracuse PD

The Syracuse PD is an agency of the City of Syracuse and not an independent entity subject to suit. The proper defendant, instead, is the City of Syracuse. *See, e.g., Krug v. Cnty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008) ("A city police department is not an independent, suable entity separate from the municipality in which the police department is organized."). For that reason, I recommend that defendant Syracuse PD be dismissed from the action. For the sake of judicial efficiency, however, and because I find plaintiff's complaint alleges sufficient facts at this juncture to survive review under section 1915(e), I recommend the City of Syracuse be substituted for the Syracuse PD as a defendant.

### b. Defendants Mamoun, Harrington, and Quinn

Mindful of my obligation to liberally construe a *pro se* litigant's pleadings, I find that plaintiff's complaint alleges sufficient facts under section 1915(e) to support the asserted causes of action against the individual defendants. Accordingly, I recommend that plaintiff's complaint

be accepted to the extent it asserts section 1983 claims against defendants Mamoun, Harrington, and Quinn.[4]

## III. SUMMARY, RECOMMENDATION, AND ORDER

Having reviewed plaintiff's motion for leave to proceed IFP, I conclude that he is eligible for that status, and therefore will grant his application. Upon review of plaintiff's complaint, I find that it generally alleges sufficient facts to survive review under section 1915(e), defendant Syracuse PD is not an entity that can be sued, and the City of Syracuse should substituted in its place.

Based upon the foregoing, it is hereby

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further

ORDERED that the clerk of the court serve a copy of this report and recommendation on plaintiff in accordance with the local rules; and it is further respectfully

RECOMMENDED that defendant Syracuse Police Department be DISMISSED from the action and the City of Syracuse be substituted in its place; and it is further

---

[4] The court expresses no opinion concerning whether plaintiff's claims against any of the named defendants can survive a properly filed motion to dismiss or motion for summary judgment, or whether he may prevail at trial.

RECOMMENDED that plaintiff's complaint be otherwise accepted for filing; and it is further

RECOMMENDED that, in the event the above recommendations are adopted, the court issue the following orders:

(1) The clerk of the court shall issue summonses and forward them with copies of the complaint to United States Marshal, along with packets containing General Order 25, which sets forth this district's Civil Case Management Plan, for service upon the four named defendants.

(2) The clerk is directed to schedule a Rule 16 conference.

(3) Subsequent to service of process on defendants, defendants or their counsel shall file a formal response to plaintiff's complaint as provided for in the Federal Rules of Civil Procedure.

(4) All pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the court or the clerk must be accompanied by a certificate showing that a true and**

**correct copy of same was mailed to all opposing parties or their counsel. Any document received by the clerk or the court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.** Plaintiff must comply with any requests by the clerk's office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned district judge with proper allowance for notice as required by the Rules. **Plaintiff is also required to promptly notify the clerk's office and all parties or their counsel of any change in plaintiff's address; his failure to do so will result in the dismissal of this action.**

_/s/ David E. Peebles_
David E. Peebles
U.S. Magistrate Judge

Dated:   December 30, 2016
         Syracuse, New York