IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

GREGORY EDWARDS a/k/a
Gregory Edwards-EL,

       Plaintiff,              Civil Action No.
                                       5:16-CV-1475 (FJS/DEP)

      v.

CITY OF SYRACUSE, *et al.*,

       Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF: | |
| GREGORY EDWARDS, *Pro se*<br>The Catholic Charities<br>1074 S. Clinton St.<br>Syracuse, NY 13202 | |
| FOR DEFENDANTS: | |
| HON. JOSEPH FAHEY<br>Interim Corporation Counsel<br>233 E. Washington St.<br>300 City Hall<br>Syracuse, NY 13202 | TODD M. LONG, ESQ.<br>Assistant Corporation Counsel |

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

# REPORT AND RECOMMENDATION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff Gregory Edwards, a former New York State prison inmate whose whereabouts are not currently known to the court. In his complaint, plaintiff alleges that the three individual defendants, all members of the Syracuse City Police Department, assaulted him during the course of a stop and subsequent arrest on December 22, 2013, and that the Syracuse City Police Department has promulgated policies that permitted the unlawful assault to occur.

Citing difficulties in communicating with plaintiff and in obtaining requested pretrial discovery, defendants have filed a motion requesting an order compelling plaintiff to comply with their discovery demands. Since the filing of that motion, neither defendants' attorney nor the court has been able to communicate with plaintiff because he no longer resides at the address listed on the court's records and has not provided the court or counsel with his new address or a means of communicating with him. Based upon plaintiff's failure to comply with the requirement of this court's local rules that he advise the court of his change of address, I recommend that his complaint in this action be dismissed.

I.   BACKGROUND

Plaintiff commenced this action on or about December 12, 2016. Dkt. No. 1. At the time of commencement, plaintiff listed his address as the Cayuga Correctional Facility ("Cayuga") located in Moravia, New York, a facility operated by the New York State Department of Corrections and Community Supervision ("DOCCS"). *Id.* at 1. On January 18, 2017, plaintiff notified the court of a change of address utilizing a pre-prepared court form referencing Northern District of New York Local Rule 10.1(c).[1] Dkt. No. 7. The notice, however, listed the address for Cayuga as his current residence, as did his complaint. *Id.*

Following an initial review of plaintiff's complaint and accompanying application for leave to proceed *in forma paueris* ("IFP"), pursuant to 28 U.S.C. §§ 1915(e), 1915A, I issued a report, recommendation, and order granting plaintiff's IFP application and recommending that (1) the Syracuse Police Department be dismissed from the action and the City of Syracuse be substituted in its place as a defendant, and (2) the amended complaint be otherwise accepted for filing. Dkt. No. 4. My recommendations were accepted in an order issued by Senior District Judge Frederick J. Scullin,

---

[1]   That rule provides, in relevant part, that "[a]ll attorneys of record and *pro se* litigants must immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted).

Jr., on January 23, 2017. Dkt. No. 8. Notably, Judge Scullin's order advised plaintiff that he "must promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action[.]" *Id.* at 4 (emphasis omitted).

Plaintiff was released from DOCCS custody on May 3, 2017, and was held in the Onondaga Justice Center until the following day, when he was released from custody.[2] Dkt. No. 22. Plaintiff advised the court of that change in circumstance by letter dated May 8, 2017. *Id.* In that letter, Edwards informed the court that his current address was 1074 S. Clinton Street, The Catholic Charities Facility, Syracuse, NY 13202, and provided a telephone number for messages. *Id.*

An in-person Rule 16 conference was conducted in connection with the action on May 15, 2017.[3] Text Minute Entry Dated May 15, 2017. At that time, plaintiff was provided with copies of the court's *pro se* handbook

---

[2] Publicly available information confirms that plaintiff was released on parole on May 3, 2017, and there is no indication that he has returned to the custody of the DOCCS. New York State DOCCS http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (last visited Aug. 30, 2017).

[3] The conference was originally scheduled to be conducted on April 25, 2017. Dkt. No. 10. On March 14, 2017, however, plaintiff wrote to the court requesting that the initial conference be held after the date of his anticipated release from prison. Dkt. No. 18. In a text order granting that request, the court reminded plaintiff of "his obligation to notify the court and opposing counsel of any change in his address." Dkt. No. 20 (emphasis omitted).

and the court's local rules. Text Entry Dated May 15, 2017. Following the conference, a uniform pretrial scheduling order was issued, setting forth the schedule to govern the progression of the action, and I issued an order setting out my expectations concerning discovery. Dkt. Nos. 24, 25.

On July 31, 2017, defendants filed a motion to compel discovery. Dkt. No. 26. In support of the motion, defendants' counsel noted that he has had no contact with plaintiff since June 28, 2017. Dkt. No. 26-1 at 3. A text order was subsequently issued on August 1, 2017, scheduling a hearing in connection with defendants' motion for August 31, 2017. Dkt. No. 27. Although a copy of that text order that was mailed to plaintiff at his Catholic Charities address, it was returned to the court on August 14, 2017, with a notation "return to sender, not deliverable as addressed, unable to forward." Dkt. No. 30. Defendants' counsel wrote to the court on August 11, 2017, to advise that a letter sent to plaintiff at the address noted on court's records on July 31, 2017, enclosing a revised notice of motion for the motion to compel, was similarly returned to counsel with the same notation "return to sender, not deliverable as addressed, unable to forward."[4] Dkt. No. 29.

---

[4] A text order sent to plaintiff on August 21, 2017, canceling the hearing with respect to defendants' motion to compel has now also been returned to the court as undeliverable. Dkt. No. 32.

5

In support of defendants' motion to compel discovery, defendants' counsel noted that he called the telephone number listed by plaintiff in his letter dated May 8, 2017, and left a message with someone purporting to be plaintiff's father to have plaintiff contact defendants' counsel. Dkt. No. 26-1 at 2-3. Despite that message, plaintiff has not contacted defendants' counsel or the court. *Id.*

II. <u>DISCUSSION</u>

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[5] Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*,

---

[5]  Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this court recognize this authority and mandate that the court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

370 U.S. 626, 630-31 (1962). In addition, it should be exercised with caution and restraint because dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff. *Baptiste*, 768 F.3d at 216-17.

A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of five specific factors, including (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (applying factors in a failure to prosecute action); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). "No single factor is generally dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

I have carefully evaluated the five relevant factors, and find that they weigh decidedly in favor of dismissal. This case has been pending for

7

eight months and relates to an incident that occurred on December 22, 2013, more than three years ago. It is likely the memory of the events in question have faded, relevant documents have been discarded, and potential witnesses have become unavailable. *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade."). Given plaintiff's manifest disinterest in pursuing his claims in this action, I find that the need to alleviate congestion on the court's docket outweighs his right to receive a further chance to be heard in this matter.

As required, I have also considered the possibility of imposing less-drastic sanctions, but reject them. For example, I am persuaded that issuing an order reprimanding plaintiff for his conduct would be futile in light of the fact the court has no means of conveying such an order to him.

I note, moreover, that plaintiff's failure to notify the court of his updated address provides ample basis for dismissal of his complaint. As one former judge of this district has noted,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk

8

> informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996 (Pooler, J.) (quotation marks omitted).

Plaintiff has been pointedly and repeatedly advised of the need to keep the court apprised of his current address so that the court and defendants' counsel may communicate with him. Because plaintiff has failed to fulfill this obligation as required by the court's local rules, I recommend that his complaint be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Downs v. Gilani*, No. 10-CV-1029, 2012 WL 1085770, at *2 (N.D.N.Y. Mar. 8, 2012) (Dancks, M.J.), *adopted by* 2012 WL 1085762 (N.D.N.Y. Apr. 2, 2012) (Sharpe, J.).

III. <u>SUMMARY AND RECOMMENDATION</u>

As a result of plaintiff's failure to notify the court of his apparent change of address and provide a meaningful basis for the court and defendants' counsel to communicate with him, this case obviously cannot proceed. Based upon plaintiff's failure to comply with the court's local rules that he advise the court of any change of address, it is hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED; and it is further

9

RECOMMENDED that defendants' motion to compel (Dkt. No. 26) is DENIED as moot.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[6] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: August 30, 2017
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[6] If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).