**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**GREGORY EDWARDS** also known as
Gregory Edwards-EL,

                        **Plaintiff,**

                           v.                                 **5:16-CV-1475
(FJS/DEP)**

**ABRAHAM MAMOUN,** Officer; **ROBERT
HARRINGTON,** Officer; **ANDREW
QUINN,** Officer; and **CITY OF SYRACUSE,**

                        **Defendants.**

---

**APPEARANCES**                                 **OF COUNSEL**

**GREGORY EDWARDS**
The Catholic Charities Facility
1074 South Clinton Street
Syracuse, New York 13202
Plaintiff *pro se*

**CITY OF SYRACUSE LAW**             **TODD M. LONG, ESQ.**
**DEPARTMENT**
300 City Hall
233 East Washington Street
Syracuse, New York 13202
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

      Plaintiff commenced this action against the Syracuse Police Department and three individual police officers pursuant to 42 U.S.C. § 1983, claiming that Defendant officers assaulted him during the course of a stop and subsequent arrest on December 22, 2013, and that Defendant Syracuse Police Department has promulgated policies that permitted the unlawful assault to occur.

On December 30, 2016, Magistrate Judge Peebles issued a Report, Recommendation and Order, in which he, among other things, recommended that this Court dismiss Defendant Syracuse Police Department from this action and substitute the City of Syracuse as a Defendant in its place. *See* Dkt. No. 4 at 8. In an Order dated January 23, 2017, the Court accepted that recommendation. *See* Dkt. No. 8 at 2-3.

Citing difficulties in communicating with Plaintiff and in obtaining requested pretrial discovery, Defendants filed a motion requesting an order compelling Plaintiff to comply with their discovery demands. *See* Dkt. No. 26. Since the filing of that motion, neither Defendants nor this Court have been able to communicate with Plaintiff because he no longer resides at the address listed on the Court's records and has not provided the Court or Defendants' counsel with his new address or a means to communicate with him. Based on Plaintiff's failure to comply with the requirement of this Court's Local Rules that he advise the Court and opposing counsel of any change in address, Magistrate Judge Peebles, after evaluating the relevant factors and finding that they weighed decidedly in favor of dismissal, recommended that this Court dismiss Plaintiff complaint pursuant to Rule 41 of the Federal Rules of Civil Procedure and deny Defendants' motion to compel discovery as moot. *See* Dkt. No. 34 at 9-10.

The Clerk of the Court served Plaintiff with a copy of Magistrate Judge Peebles' Report and Recommendation by regular mail; however, that mail was returned to the Court with a notation that it was "not deliverable as addressed[;] unable to forward." *See* Dkt. No. 35. Needless to say, because Plaintiff never received a copy of Magistrate Judge Peebles' Report and Recommendation,

he filed no objections thereto.[1]

When a party does not object to a magistrate judge's report-recommendation, the court reviews that report-recommendation for clear error or manifest injustice. *See Lineares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. July 16, 2009) (citation and footnote omitted). After conducting this review, "the Court may 'accept, reject, or modify, in whole or in part, the . . . recommendations made by the magistrate judge.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)).

The Court has reviewed Magistrate Judge Peebles' August 30, 2017 Report and Recommendation for clear error and manifest injustice; and, finding none, the Court hereby

**ORDERS** that Magistrate Judge Peebles' August 30, 2017 Report and Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's amended complaint, *see* Dkt. No. 5, is **DISMISSED** pursuant to Rule 41 of the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that Defendants' motion to compel, *see* Dkt. No. 26, is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case; and the Court further

---

[1] The Court notes that this is not the first time that documents which the Clerk of the Court has mailed to Plaintiff have been returned as undeliverable. *See* Dkt. Nos. 30, 32, 33.

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 20, 2017
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge