**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GREGORY EDWARDS also known as
Gregory Edwards-El,**

                **Plaintiff,**

                **v.**                                    **5:16-CV-1475
                                                        (FJS/DEP)**

**ABRAHAM MAMOUN, Officer; ROBERT
HARRINGTON, Officer; ANDREW QUINN,
Officer; and CITY OF SYRACUSE,**

                **Defendants.**
_____

**APPEARANCES**                                               **OF COUNSEL**

**GREGORY EDWARDS
4A-32**
Onondaga County Justice Center
555 South State Street
Syracuse, New York 13202
Plaintiff *pro se*

**CITY OF SYRACUSE LAW DEPARTMENT**      **TODD M. LONG, ESQ.**
300 City Hall
233 East Washington Street
Syracuse, New York 13202
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Pending before the Court is Plaintiff's motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure. *See* Dkt. No. 46. Defendants oppose this motion. *See* Dkt. No. 47.

## II. BACKGROUND

Plaintiff commenced this action on or about December 12, 2016, against the Syracuse Police Department and three of its officers. *See* Dkt. No. 1.[1] At that time, Plaintiff listed his address as the Cayuga Correctional Facility, which the New York State Department of Corrections and Community Supervision ("DOCCS") operates. *See id.* at 1. On December 30, 2016, Magistrate Judge Peebles issued a Report, Recommendation and Order, in which he recommended that this Court dismiss Defendant Syracuse Police Department from this action and substitute the City of Syracuse in its place. *See* Dkt. No. 4 at 8.

In an Order dated January 23, 2017, this Court accepted Magistrate Judge Peebles' recommendations. *See* Dkt. No. 8. In its Order, the Court advised Plaintiff that he "must promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of the action[.]" *See id.* at 4 (emphasis omitted). In a letter dated May 8, 2017, Plaintiff notified the Court that he had been released from DOCCS custody on May 3, 2017, and had been held in the Onondaga County Justice Center until his release the following day. *See* Dkt. No. 22 at 1. Plaintiff also advised the Court that his current address was the Catholic Charities Facility located at 1074 S. Clinton Street, Syracuse, NY 13202, and provided a telephone number for messages. *See id.*

Citing difficulties in communicating with Plaintiff and obtaining requested pretrial discovery, Defendants filed a motion to compel discovery on July 31, 2017. *See* Dkt. Nos. 26, 26-1. In support of that motion, Defendants' counsel noted that he had called the telephone number that Plaintiff had listed and left a message with someone purporting to be Plaintiff's father to have

---

[1] On January 18, 2017, Plaintiff filed an amended complaint. *See* Dkt. No. 5.

Plaintiff contact Defendants' counsel. *See* Dkt. No. 26-1 at ¶ 12. Despite that message, Defendants' counsel had had no contact with Plaintiff since June 28, 2017. *See id.* at ¶ 13.

Magistrate Judge Peebles issued a Text Order on August 11, 2017, scheduling a hearing in connection with Defendants' motion to compel discovery for August 31, 2017. *See* Dkt. No. 28. The Clerk of the Court mailed Plaintiff a copy of the Text Order to his Catholic Charities address, which was returned to the Court on August 28, 2017, with the notation, "Return to Sender, not deliverable as addressed, unable to forward[.]" *See* Dkt. No. 32.

Based on Plaintiff's failure to comply with the requirement of this District's Local Rule that he advise the Court and opposing counsel of any change of address, Magistrate Judge Peebles issued a Report and Recommendation on August 30, 2017, in which he recommended that this Court dismiss Plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and deny Defendants' motion to compel discovery as moot. *See* Dkt. No. 34 at 9-10. The Clerk of the Court served Plaintiff with a copy of Magistrate Judge Peebles' Report and Recommendation by regular mail; however, that mail was returned to the Court with the notation, "Return to Sender, not deliverable as addressed, unable for forward." *See* Dkt. No. 35. Needless to say, because Plaintiff never received a copy of Magistrate Judge Peebles' Report and Recommendation, he filed no objections thereto.

In an Order dated September 20, 2017, this Court accepted Magistrate Judge Peebles' August 30, 2017 Report and Recommendation in its entirety and dismissed Plaintiff's amended complaint. *See* Dkt. No. 36. The Court entered Judgment based on that Order the same day. *See* Dkt. No. 37. The Clerk of the Court mailed a copy of the Order and Judgment to Plaintiff at his last known address, the Catholic Charities Facility, which was returned to the Court on October 2, 2017,

with the notation, "Return to Sender, not deliverable as addressed, unable to forward." *See* Dkt. No. 38.

On December 18, 2017, the Court received a letter from Plaintiff inquiring about the status of his complaint and notifying the Court of his change of address. *See* Dkt. No. 40. Plaintiff listed his address as the Onondaga County Justice Center. *See id.* The Clerk of the Court mailed Plaintiff an updated copy of the Court's Docket, as well as copies of Magistrate Judge Peebles' August 30, 2017 Report and Recommendation and the Court's September 20, 2017 Order and Judgment. On January 9, 2018, the Court received a letter from Plaintiff requesting reconsideration of the Court's Order dismissing the case. *See* Dkt. No. 41. In a Text Order dated January 10, 2018, the Court granted Plaintiff's letter request to file a motion for reconsideration and ordered Plaintiff to file any such motion on or before February 20, 2018. The Clerk of the Court served Plaintiff with a copy of this Text Order and a copy of Local Rule 7.1(a)(1), (2). *See* Dkt. No. 42.

On February 20, 2018, the Court received a letter from Plaintiff, in which he requested motion forms and an extension of time to file his motion for reconsideration. *See* Dkt. No. 43. Defendants filed a letter objecting to Plaintiff's request for an extension of time in which to file his motion. *See* Dkt. No. 44. In a Text Order dated February 21, 2018, the Court granted Plaintiff's request and extended his time to file his motion until March 20, 2018. *See* Dkt. No. 45. The Clerk of the Court served Plaintiff with the Text Order by regular mail. *See id.* On March 21, 2018, the Court received Plaintiff's motion for reconsideration. *See* Dkt. No. 46.

### III. DISCUSSION

**A.     A "reasonable time" under Rule 60 of the Federal Rules of Civil Procedure**

A party may move for reconsideration of a final order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) allows a court to relieve a party from a final judgment for (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud . . . misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Since Plaintiff does not, and could not, rely on any of the first five reasons, he must rely on the sixth reason, which grants courts broad authority to relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Under Rule 60(c)(1), a party must move for reconsideration under Rule 60(b)(6) within a reasonable time. *See* Fed. R. Civ. P. 60(b), 60(c). Courts determine what constitutes a reasonable time "based on 'the particular circumstances of the case,' taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." *Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quoting *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983) (discussing Rule 60(c) reasonableness of timing in context of Rule 60(b)(6) motion)).

As noted, the Court received Plaintiff's motion for reconsideration on March 21, 2018. *See* Dkt. No. 46. Although this was six months after the Court entered Judgment on September 20, 2017, Plaintiff, due entirely to his failure to notify the Court of his change of address, did not receive notice of entry of the Judgment until he inquired about the status of his case and notified the

Court of his change in address on December 18, 2017, at which point the Clerk of the Court sent him a copy of the Order and Judgment. Approximately one month later, Plaintiff requested that the Court reconsider its Order and Judgment. *See* Dkt. No. 41. Construing Plaintiff's request as a request to file a motion for reconsideration, the Court granted the request and ordered Plaintiff to file any such motion on or before February 20, 2018. *See* Dkt. No. 42. After asking for and receiving an extension of time in which to file his motion, *see* Dkt. No. 43, Plaintiff filed his motion for reconsideration, *see* Dkt. No. 46.

At most, there was a period of six months between the time that the Court entered Judgment and Plaintiff filed his motion for reconsideration, *i.e.*, September 20, 2017, to March 21, 2018. However, if the Court measures the time from the date that Plaintiff actually received notice of the entry of Judgment and the time that he requested permission to file a motion for reconsideration, this time period was less than one month, *i.e.*, December 18, 2017, to January 9, 2018. Under either scenario, the Court finds that Plaintiff filed his motion within a reasonable time.

**B.     Grounds for granting a motion for reconsideration under Rule 60(b)(6)**

"'[T]o prevail on a motion for reconsideration, the movant must satisfy stringent requirements.'" *Roman v. Donelli*, No. 9:06-CV-1071, 2007 WL 4560667, *1 (N.D.N.Y. Dec. 18, 2007) (quoting *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995)). Generally, courts "'recognize[] only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law; (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Id.* (quotation omitted). Since Plaintiff does not argue that there has been an intervening

change in controlling law or that there is some new evidence that was not previously available, he must rely on the third ground, *i.e.*, that the Court should grant his motion to prevent manifest injustice.

Plaintiff argues that the Court should reconsider its decision to dismiss his amended complaint under Rule 41(b) because the five factors that the Court must consider to determine whether dismissal is appropriate under this Rule do not favor dismissal. *See* Dkt. No. 46 at 2-3. The Court disagrees.

To determine whether to dismiss an action pursuant to Rule 41(b), a court considers five specific factors: (1) "the duration of the plaintiff's failure to comply with the court order[s]"; (2) "whether [the] plaintiff was on notice that failure to comply would result in dismissal"; (3) "whether the defendants are likely to be prejudiced by further delay in the proceedings"; (4) "a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard"; and (5) "whether the [court] has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quotation omitted).

On January 23, 2017, the Court advised Plaintiff that he must promptly notify the Clerk's Office and all parties or their counsel of any change in his address and that his failure to do so would result in the dismissal of this action. *See* Dkt. No. 8. Although Plaintiff notified the Court of his change of address upon his release from DOCCS custody on May 8, 2017, neither Defendants nor the Court were able to contact him at that address. In fact, all the letters the Court and opposing counsel sent to that address were returned with the notation, "Return to sender, not deliverable as addressed, unable to forward[.]" *See* Dkt. Nos. 29, 30, 32, 33, 35, 38, 39. It was not until almost 90

days after the Court had entered Judgment that the Court received a letter from Plaintiff on December 18, 2017, inquiring about the status of his complaint and notifying the Court of a change in his address. *See* Dkt. No. 40.

Although Plaintiff asserts that the Court and opposing counsel knew he was under Parole Supervision during the relevant time, he provides no reason why his being under such supervision prevented him from informing the Court and opposing counsel of his change in address between May 2017 and December 2017. Nor is there any dispute that Plaintiff was aware that his failure to follow the Court's instruction that he promptly notify the Court and opposing counsel of any change in his address would result in the dismissal of his claims. *See* Dkt. No. 8 at 4. Therefore, the Court finds that the first and second *Lucas* factors weigh in favor of dismissal.

With regard to the third factor, the underlying incident giving rise to Plaintiff's complaint occurred on December 22, 2013, almost five years ago; and, as Magistrate Judge Peebles noted, the case had been pending for more than eight months at the time that he issued his Report and Recommendation on August 30, 2017. *See* Dkt. No. 34 at 7-8. As Magistrate Judge Peebles explained, given this span of time, it is "likely the memory of the events in question has faded, relevant documents have been discarded, and potential witnesses have become unavailable." *See id.* at 8 (citation omitted). There can be no doubt that any further delay in these proceedings would only increase the prejudice Defendants would suffer as a result of the passage of time. Thus, the Court finds that the third *Lucas* factor weighs in favor of dismissal.

With regard to the fourth and fifth *Lucas* factors, Magistrate Judge Peebles concluded that, given "[P]laintiff's manifest disinterest in pursuing his claims in this action[,] . . . the need to alleviate congestion on the court's docket outweighs his right to receive a further chance to be heard

in the matter." *See* Dkt. No. 34 at 8. Furthermore, Magistrate Judge Peebles found that Plaintiff's failure to notify the Court of his change of address "provide[d] ample basis for dismissal of his complaint and that imposing a less drastic sanction than dismissal" would be futile in light of the fact the court ha[d] no means [to] convey[] such an order to him." *See id.* The Court agrees and, thus, finds that the fourth and fifth *Lucas* factors weigh in favor of dismissal.

In sum, after applying the *Lucas* factors to the facts of this case, the Court finds that all of these factors weigh in favor of dismissal under Rule 41(b). Therefore, the Court concludes that Plaintiff has not shown that the Court's denial of his motion for reconsideration would result in manifest injustice.

### III. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration, *see* Dkt. No. 46, is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules. In addition to the address for Plaintiff that appears on the Court's docket, the Court notes that, although Plaintiff has not notified the Court and opposing counsel that his address has changed, the envelope that contained Plaintiff's letter to the Court, which the Court received on August 30, 2018, had the following return address:

> 157 W. Brighton Ave., Apt. 2
> Syracuse, New York 13205

*See* Dkt. No. 49.

As a courtesy to Plaintiff, the Court instructs the Clerk of the Court to mail a copy of this Memorandum-Decision and Order to Plaintiff at this address as well as the address that appears on the Court's docket.

**IT IS SO ORDERED.**

Dated: October 12, 2018
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge